IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HARVEY WILLIAM HUGUNIN** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | | **Civil No. 1:26cv61-HSO-BWR** |
| § | | |
| § | | |
| **REGIONS BANK and REGIONS** § | | |
| **FINANCIAL CORPORATION** § | | **DEFENDANTS** |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT [1] WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. After due consideration of the record and relevant legal authority, the Court finds that it lacks federal subject-matter jurisdiction and that Plaintiff Harvey William Hugunin's Complaint [1] should be dismissed without prejudice.

On March 2, 2026, Plaintiff Harvey William Hugunin ("Plaintiff") filed the Complaint [1] naming as Defendants Regions Bank and Regions Financial Corporation. *See* Compl. [1] at 1. According to Plaintiff, the Court has federal question jurisdiction because he alleges bank fraud under 18 U.S.C. § 1344. *See id.* at 3. The form Complaint [1] contains no additional information concerning Plaintiff's statement of claim or the relief he seeks. *See id.* at 3-4.

### I. DISCUSSION

Federal courts are of limited jurisdiction and are "duty-bound to examine the basis of subject matter jurisdiction sua sponte . . . ." *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quotation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.

12(h)(3). Sua sponte dismissal of cases is "mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).

The Complaint [1] asserts federal question jurisdiction based upon a claim of bank fraud under 18 U.S.C. § 1344. *See* Compl. [1] at 3. But § 1344 "is a criminal statute that does not expressly provide for a private cause of action, and it is well established that, unless a federal criminal statute specifically provides for a private cause of action, there generally is no private right of action under that statute." *Ritrovato v. United States Postal Serv. Fed. Credit Union*, No. 23-1865, 2024 WL 1714663, at *1 (1st Cir. Mar. 21, 2024)); *see also, e.g.*, *Banister v. U.S. Bank Nat'l Ass'n as Tr. for J.P. Morgan Mortg. Acquisition Corp. 2006-RM1 Asset-Backed Pass-Through Certificates, Series 2006-RM1*, 859 F. App'x 742, 744 (7th Cir. 2021) (affirming dismissal of all claims for lack of subject-matter jurisdiction, including the plaintiff's "attempt to bring a civil action for damages under 18 U.S.C. § 1344— a criminal statute"); *Thompson v. Wells Fargo Bank, N.A.*, No. CV H-15-598, 2016 WL 164114, at *3 (S.D. Tex. Jan. 14, 2016), *aff'd*, 684 F. App'x 464 (5th Cir. 2017) (holding that federal criminal statutes such as 18 U.S.C. § 1344 "do not provide a private cause of action"). Based on this authority, as well as a plain reading of the statute, there is no private right of action for bank fraud under § 1344.

The Fifth Circuit has explained that

> [f]ederal subject matter jurisdiction exists if a complaint states a claim arising under the Constitution, laws or treaties of the United States even though, on the merits, the plaintiff has no federal right. Dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible

foundation or which is clearly foreclosed by a prior Supreme Court decision.

*Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977). In other words, "[w]hen a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dallas Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996). Plaintiff's sole claim, bank fraud under 18 U.S.C. § 1344, is frivolous and has no plausible foundation; it therefore cannot form the basis of federal question jurisdiction in this case. *See id.*; *Bell*, 549 F.2d at 344. And Plaintiff does not assert any other grounds upon which subject-matter jurisdiction exists. *See* Compl. [1] at 3.

Because the Court lacks subject-matter jurisdiction, dismissal without prejudice is appropriate. *See* Fed. R. Civ. P. 12(h)(3); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (holding that federal courts "must presume that a suit lies outside [their] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum").

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Harvey William Hugunin's Complaint [1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 3rd day of March, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE